UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KEYSHA RHYMES                                                                                            PLAINTIFF

V.                                                                   CIVIL ACTION NO. 3:15-cv-302-CWR-FKB

UNITED PARCEL SERVICE, INC., ET AL.                                                            DEFENDANTS

ORDER

This cause is before the Court on the Emergency Motion to Quash [25] filed by Defendant United Parcel Service, Inc. ("UPS").  Having considered the parties' filings, the Court concludes that the motion is granted in part and denied in part.

Plaintiff filed a motion to remand this personal injury case on April 29, 2015. [13].  By Text Only Order dated May 5, 2015, the Court stayed all discovery except remand-related discovery.  Defendant UPS filed the instant motion on May 8, 2015, contesting two subpoenas served by Plaintiff on May 6, 2015. [23, 24, 25].  The subpoenas were directed to Corporation Service Company and CT Corporation System.  They commanded production of "Any and all letters, receipts, log-books, and any other documents reflecting receipt of service of process on United Parcel Services, Inc. and/or ABM Security Services, Inc. from February 18, 2015-April 30, 2015.  [23, 24].  Plaintiff seeks these documents in support of its remand argument that Defendants were served on February 25, 2015,[1] and therefore removal was untimely.

UPS argues that the subpoenas should be quashed for failure to comply with Fed. R. Civ. P. 45(a)(4), which requires that the opposing party be provided a copy of subpoenas before

---

[1] It is undisputed that Defendants were served on April 22, 2015, which Plaintiff claims was only because proof of service from February 25, 2015 had been misplaced.

1

service.  UPS also argues that even if Plaintiff was able to demonstrate by the requested records that UPS was served on February 25, 2015, removal would still be timely because Defendant Lee Brumfield was improperly joined, permitting removal beyond thirty days.  As additional grounds for quashing the subpoenas, UPS further contends that proof of service would be in Plaintiff's exclusive control, the subpoenas are not limited to this cause of action and the subpoenas reference both UPS and ABM, though each company had only one agent for service of process.

In response, Plaintiff asserts that UPS does not have standing to challenge the subpoenas since it did not assert by its motion that the subpoenas sought proprietary, confidential or protected information.  Additionally, Plaintiff argues that none of the bases set out in Rule 45a (i)-(iv) for quashing a subpoena are applicable.  With respect to the Rule 45(a)(4) notice defect, Plaintiff contends that UPS was not prejudiced and therefore the Court should decline to quash the subpoenas.  *See Ezell v. Parker*, 2015 WL 859033 at *3, n. 1 (S.D. Miss.  Feb. 27, 2015).

The Court concludes that, as in *Ezell,* a protective order is the appropriate means of addressing the subpoenas at issue.  In rebuttal, UPS argues that it has a privacy interest in the records requested but seeks alternative relief in the form of a protective order in the event the Court does not quash the subpoenas.  Plaintiff made no argument defending the scope of the subpoenas, asserting that "[t]he requested subpoenas will simply address the issue of whether these Defendants were in fact served on or about February 25, 2015." [26].  Given the narrow issue presented by this motion, the Court orders that the information provided be limited to this lawsuit.  The documents provided should be:  Any and all letters, receipts, log-books, and any other documents reflecting receipt of service of process on United Parcel Services, Inc. and/or ABM Security Services, Inc. from February 18, 2015-April 30, 2015, in *Rhymes v. United*

*Parcel Service, Inc.*, *et al.*, 3:15cv302-CWR-FKB.  Counsel for UPS shall ensure that a copy of this Order is provided to Corporation Service Company and CT Corporation System prior to production of any documents pursuant to the subject subpoenas.

    SO ORDERED, this the 14th day of May, 2015.

                                         /s/ F. Keith Ball
                                         UNITED STATES MAGISTRATE JUDGE