IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KEYSHA RHYMES, ADMINISTRATRIX**                      **PLAINTIFF**
**OF THE ESTATE OF JESSIE L.**
**WHITFIELD III AND ON BEHALF OF**
**ALL OF THE HEIRS AT LAW AND**
**WRONGFUL DEATH BENEFICIARIES**
**OF JESSIE L. WHITFIELD III**
**DECEASED**

V.                                       **CASE NO. 3:15-CV-00302-CWR-FKB**

**UNITED PARCEL SERVICE, INC., ABM**
**SECURITY SERVICES, INC., LEE**
**BRUMFIELD and JOHN DOES1-5**                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant's motion to dismiss against Laenundro ("Lee") Brumfield Docket No. 6, plaintiff's motion to remand, Docket No. 13[1], defendants' joint motion to strike the affidavit of Kenneth Goodrum, Docket No. 63, and plaintiff's motion to amend the complaint, Docket No. 71. The motions have been fully briefed and are ready for adjudication. After reviewing the parties' briefs and applicable law, the Court finds defendants' motion to dismiss Lee Brumfield is well-taken and hereby granted. Further, for the reasons explained below, the Court denies plaintiff's motion to remand and denies without prejudice defendants' motion to strike. Lastly, the Court denies in part and grants in part plaintiff's motion for leave to amend the complaint.

**I. Factual and Procedural History**

Keysha Rhymes brings this complaint on behalf of the estate of Jessie L. Whitfield, III, who at the time of his death was a resident of Hinds County, Mississippi. Ms. Rhymes is the

---

[1] In plaintiff's initial motion, she challenged the timeliness of defendants' removal. However, plaintiff withdrew this argument, Docket No. 39, and the Court retained her motion to remand on the other grounds asserted. *See* Docket No. 41.

natural mother of Mr. Whitfield. This action is against the United Parcel Service, Inc. ("UPS"), ABM Security Services, Inc., Lee Brumfield, and John Does 1-5. UPS is a foreign corporation that is licensed to do business in the state of Mississippi. ABM Security Services is also a foreign corporation that is licensed to do business in Mississippi. Lee Brumfield is an employee of ABM Security Services, Inc. and a resident of Hinds County, Mississippi. Brumfield was working as a security guard at UPS on the night of Mr. Whitfield's death. At all relevant times, plaintiff alleges that defendants failed to fulfill multiple duties owed to the decedent and that the failure to fulfill those duties was a contributing cause of Whitfield's death.

On February 3, 2014, Whitfield reported to work at the UPS facility in Hinds County, Mississippi. As Whitfield was walking to his vehicle in the UPS parking lot, he was approached by at least one individual and shot multiple times. He was hospitalized from February 3 until he died on March 10, 2014. At the time of the shooting, ABM was the security provider at the UPS facility. Defendant Brumfield was employed by ABM and worked as a security officer inside the UPS facility when Whitfield was shot. Brumfield was stationed inside the UPS and his job was to search UPS employees as they entered and exited the facility to ensure they were not entering or leaving with any prohibited items.

Plaintiff filed this action on February 20, 2015 in the Circuit Court of the First Judicial District of Hinds County, Mississippi.[2] Plaintiff alleges *inter alia* that all defendants breached their joint, several, and collective duties to take reasonable security measures to deter tortious conduct, exercise reasonable care to protect their invitees from reasonably foreseeable injuries, and to remedy or address unsafe conditions and inadequacies. Docket No. 1-1, ¶¶ 23, 25, and 26.

---

[2] The Court notes that plaintiff filed a lawsuit in December 2014 against UPS, ABM, and John Does 1-5 in the First Judicial District of the Circuit Court of Hinds County, Mississippi, alleging nearly identical claims as the instant case. Defendants removed the action to federal court and plaintiff voluntarily dismissed the action on the same day. Docket No. 19, at 3. In the present action, she added Brumfield as a defendant.

Plaintiff contends that as a result of defendants' actions and/or omissions, Whitfield was shot and died because of his injuries. Plaintiff seeks compensatory and punitive damages. *Id.* at 17.

Defendants removed this action based on diversity jurisdiction and filed a motion to dismiss, or alternatively for summary judgment on behalf of Brumfield, alleging plaintiff failed to state a claim against him and that Brumfield is improperly joined to defeat diversity jurisdiction. Docket No. 6. Plaintiff responded and asked for limited discovery and also filed a separate motion to remand the case. Docket Nos. 12 and 13. The parties filed subsequent response and reply briefing on these motions. Docket Nos. 58, 59, and 62. The Magistrate Judge stayed all discovery except for remand-related discovery in a text order on May 4, 2015. Further, the parties do not dispute that the jurisdictional amount is satisfied. Instead, the question before the Court is whether plaintiff has stated a claim against Brumfield, a Mississippi resident and non-diverse defendant, or if he was improperly joined to defeat diversity jurisdiction.

## II. Legal Standard

### A. Federal Court Jurisdiction and Improper Joinder

Defendants contend that federal jurisdiction is proper pursuant to 28 U.S.C. § 1332, which gives the district court jurisdiction over civil actions involving "citizens of different states." 28 U.S.C. § 1332(a)(1). In order for the district court to have jurisdiction, there must be complete diversity between the parties and the amount in controversy must exceed $75,000. "The party seeking removal bears the burden of showing that federal jurisdiction is proper." *Lone Star OB/GYN Assoc. v. Aetna Health Inc.*, 579 F.3d 525, 528 (5th Cir. 2009) (citation omitted). "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995) (citations omitted). "The removal statute is therefore

to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed Inc*., 477 F.3d 320, 323 (5th Cir. 2007) (citations omitted). District courts should not, however, "sanction devices intended to prevent the removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *Id*. (citing Charles Alan Wright *et al*., Fed. Prac. and Proc. § 3641, at 173 (3d. ed. 1998)).

As the removing party, defendants bear the burden of demonstrating improper joinder. *See Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003). The Fifth Circuit recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis*, 326 F.3d at 646-47). However, "[a] 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Id.* at 573 n.9 (*quoting Badon v. RJR Nabisco, Inc*., 236 F.3d 282, 286 n.4 (5th Cir. 2000)). In this case, defendants do not allege actual fraud in the pleadings. Thus, the Court must examine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." *Id*.

In making this determination, a district court should ordinarily conduct a Rule 12(b)(6)-type analysis. *Doss v. NPC Int'l, Inc.,* 2010 WL 1759153 at *2 (N.D. Miss. Apr. 29, 2010) (internal citation omitted). In conducting its analysis, the Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981). Furthermore, the Court must resolve all ambiguities in controlling state law in the

plaintiff's favor. *Travis,* 326 F.3d at 648 (citations omitted). The Court may however "'pierce the pleadings and conduct a summary inquiry,' but [i]n doing so . . . the Court 'must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff.'" *Doss*, 2010 WL 1759153 at *2 ( external citations omitted).

### B. Rule 12(b)(6) Analysis

Generally, to state a claim, the plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Harried v. Forman Perry Watkins Krutz & Tardy*, 813 F. Supp. 2d 835, 840 (S.D. Miss. July 12, 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

The applicable pleading standard for an analysis of improper joinder, however, is that of the forum state, in this case, Mississippi. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 800 F.3d 143, 149 (5th Cir. 2015) (holding that the state pleading standard applies when analyzing claims of improper joinder). "Mississippi is a notice pleading state." *Bedford Health Properties, LLC v. Estate of Williams ex rel. Hawthorne*, 946 So. 2d 335, 350 (Miss. 2006). Notice pleading, under Rule 8 of the Mississippi Rules of Civil Procedure, does not require "magic words." *Estate of Stevens v. Wetzel*, 762 So. 2d 293, 295 (Miss. 2000). Rather, it is only necessary that the pleadings contain a "short and plain statement" to provide the defendant with fair notice of the claims and grounds upon which relief is sought. *Id*.; *see also*, *Scott v. City of Goodma*n, 997 So. 2d 270, 276 (Miss. App. 2008) ("'under the liberal requirements of Rule 8(a) [of the Mississippi Rules of Civil Procedure], a plaintiff must set forth factual allegations either direct or inferential, respecting each material element necessary to

sustain recovery under some actionable legal theory.'" (quoting *Penn Nat'l Gaming, Inc. v. Ratliff*, 954 So. 2d 427, 432 (Miss. 2007)); Miss. R. Civ. P. 8(a)(1).

Because this case is presently proceeding in diversity, Mississippi substantive law is applicable. *Capital City Ins. Co. v. Hurst*, 632 F3d. 898, 902 (5th Cir. 2011). State law is determined by looking to the decisions of the state's highest court. *St. Paul Fire and Marine Ins. Co. v. Convalescent Services, Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

### C. Leave to Amend Complaint

Plaintiff filed a motion to amend her complaint to address the pleading deficiencies asserted by defendants in their motion to dismiss and their response to plaintiff's motion to remand. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave when justice so requires." District courts retain broad discretion in deciding whether to grant or deny leave to amend a complaint; the right is not automatic. *See Bloom v. Bexar Cnty. Texas*, 130 F.3d 722, 727 (5th Cir. 1997).

In determining whether to grant or deny a party's request for leave to amend a complaint, the Court considers the following factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (external citations omitted). District courts "more carefully scrutinize a party's attempt to raise new theories of recovery by amendment when the opposing party [as in the present case] has filed a motion for summary judgment." *Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999) (citing *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 and n.2 (5th Cir. 1992)).

### III. Discussion

#### A. Motion to Dismiss Claims against Lee Brumfield and Motion to Remand

Immediately after removing this action, defendants filed a motion to dismiss defendant Brumfield pursuant to Rule 12(b)(6), or alternatively for summary judgment. Docket No. 6. In response, plaintiff filed a brief response opposing defendants' motion for summary judgment and requesting a stay except for remand-related discovery. Docket No. 12. Plaintiff also filed a motion for remand, along with a combined memorandum in support of her motion and opposing defendant's motion to dismiss. Docket Nos. 13-14. Because of the similar issues presented by these motions, the Court will consider them jointly.

Defendants argue that plaintiff failed to allege a plausible claim against Brumfield and joined him only to defeat diversity jurisdiction. Specifically, defendants contend that Brumfield owed no duty to the decedent and therefore cannot be held liable under any negligence based claim. Docket No. 19, at 8. Plaintiff counters by arguing that the court should not reach the merits of the claim, but merely assess whether there is a possibility of recovery against the in-state defendant. Docket No. 14, at 5. Further, plaintiff asserts "[t]he Court must assume that a security guard, like Brumfield, would qualify as a 'person in charge of premises' under Mississippi law." Docket No. 58, at 4.

##### *1. Possibility of Recovery Under Mississippi Law*

The Court begins its inquiry with whether the plaintiff has stated a claim against defendant Brumfield. Defendants incorrectly identify the pleading requirements set forth in *Twombly* and *Iqbal* as the appropriate standard.[3] Because state law applies, the Court will

---

[3] The Mississippi Supreme Court has never addressed whether *Iqbal* and *Twombly* apply to state pleading standards. In fact, however, even after *Iqbal* and *Twombly*, it still maintains meeting the notice pleading requirements is sufficient. *See BB Buggies, Inc. d/b/a/ Bad Boy Buggies and Textron, Inc. v. Leon*, 150 So. 3d 90, 101 (Miss. 2014). Even applying the *Twiqbal* standard would yield the same result as the "[t]he emphasis on the plausibility of a

7

analyze the complaint under Mississippi's notice pleading standard. Plaintiff's complaint includes three allegations involving Brumfield. Docket No. 1-1, ¶¶ 13-15. Plaintiff alleges:

> 13. Defendant Lee Brumfield was a security guard on site and failed to take reasonable steps to secure the parking lot.
> 14. Upon information and belief Lee Brumfield noticed the assailants on the property prior to Jessie entering the parking lot, but did not investigate or take any measures to prevent them from committing criminal activity.
> 15. Upon information and belief, Defendant Lee Brumfield witnessed the assailants rob and shoot Jessie but he completely, utterly failed to react. In fact, upon information and belief, he retreated and locked the guard shack so that Jessie could not seek cover.

*Id.* In their brief, defendants discuss each of these allegations in turn. . Docket No. 7, at 5-9. Specifically, defendants assert that plaintiff did not adequately plead facts to establish a claim of negligence, gross negligence or wrongful death. Docket No. 7, at 5. The negligence claims will be analyzed pursuant to premises liability law. Further, defendants contend these allegations, even when taken as true, fail because Brumfield owed no duty to the decedent. Defendants attached an affidavit from Brumfield to its motion to dismiss. Docket No. 6-2. The Court finds that his uncontradicted affidavit is sufficiently narrow to justify piercing the pleadings and will consider it in its analysis. *See Smallwood*, 385 F.3d at 573.

To establish a negligence or gross negligence claim, Mississippi law requires a plaintiff to allege and prove facts demonstrating that the defendant: (1) had "a duty to conform a specific standard of conduct for the protection of others against the unreasonable risk of injury," (2) breached that duty, and (3) a causal connection between the breach and alleged injuries and resulting damages. *See Rein v. Benchmark Constr. Co.*, 865 So. 2d 1134, 1143 (Miss. 2004). A

---

complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011).

claim for wrongful death must be supported by adequate allegations and proof for a claim of negligence or gross negligence. *See* Miss. Code Ann. § 11-7-13.

Pursuant to Mississippi law, premises liability claims require the court to determine: (1) the status of the injured party as a trespasser, licensee or invitee; (2) the duty owed based on the injured party's status; and (3) whether the landowner or business operator breached his care of duty. *See Little ex rel. Little v. Bell*, 719 So. 2d 757, 760 (Miss. 1998).

In the instant case, it is undisputed that the decedent, Whitfield, an employee of defendant UPS, was an invitee to the property on the night of the shooting. It is well-established law that

> the owner, occupant, or *person in charge* of premises owes to an invitee or business visitor a duty of exercising reasonable or ordinary care to keep the premises in reasonable safe and suitable condition or warning [the] invitee of dangerous conditions not readily apparent which [the] owner knows or should know of in the exercise of reasonable care.

*Mayfield v. The Hairbender*, 903 So. 2d 733, 735-36 (Miss. 2005) (en banc) (quoting *Wilson v. Allday,* 487 So. 2d 793, 795-96 (Miss. 1986)) (alterations in original) (emphasis added).

In order for Brumfield to be liable, he must have owed a duty to the decedent. Brumfield's affidavit states "My job as a security guard was to monitor UPS employees as they exited and entered the UPS facility building through the Employee Entrance Facility. In order to perform my job I had to remain inside the Employee Entrance Facility." Docket No. 6-2, ¶ 4. Further, it states, "I am not an employer, I do not have employees and I am not responsible for hiring, retaining, supervising, or training anyone with respect to security at the facility." *Id.* ¶ 14.

Plaintiff failed to address defendants' arguments regarding Brumfield's alleged duty of care owed to the decedent. *See* Docket No. 14. In plaintiff's reply in support of her motion to remand, Docket No. 58, plaintiff reasserts the same conclusory allegations from the complaint.

Plaintiff's recitation of allegations in the complaint does not create a legal duty. Even if Brumfield had "actual and/or constructive knowledge of the unsafe area in the immediate proximity of UPS' parking lot" as plaintiff alleges, without further evidence that he is a "person in charge," there was no duty for him to breach. Plaintiff did not present any evidence or allegations that contradict Brumfield's assertion that he was not responsible for the hiring, firing, training or supervision of any other employee. *See* Docket No. 6-2, ¶ 14.

Moreover, Plaintiff fails to point to any case law that is analogous to the facts at hand and would support her statement that "[t]he Court must assume that a security guard, like Brumfield, would qualify as a 'person in charge of premises' under Mississippi law." [4] Docket No. 58, at 4. For instance, plaintiff points to this Court's decision to remand in *Westwick* to support her argument that Brumfield is a person in charge. In that case, however, the Court relied on case law finding a manager as a person in charge "so long as there is a degree of involvement by the managing individual in the form of direct participation, consent, acquiescence, authorization, direction, or at the least a failure to prevent a tortious act that manager knows or should know was occurring." *Jones v. Westwick Apartments*, No. 3:11-cv-125, 2011 WL 8198563, at *3 (S.D. Miss. June 7, 2011). In the cases plaintiff points to in support of her argument that Brumfield is a person in charge, there is a distinct difference--the in-state defendant had both the title and responsibilities of a manager. Those facts are strikingly different from the ones in this case. Here,

---

[4] This Court has remanded premises liability cases when there are allegations against an in-state defendant. However, in those instances, there were facts to support possible recovery because the in-state defendant had a managerial position, which could classify them as a person in charge. *See e.g. Jones v. Westwick Apartments, LLC,* No. 3:11-cv-125, 2011 WL 8198563 (remanding case because there was a possibility of recovery against in-state defendant who was the manager of the apartment complex); *Rhines v. Variety Wholesalers, Inc.,* No. 3:14-cv-136-CWR-FKB (S.D. Miss. Dec. 29, 2014) (remanded because of possible recovery against store manager); *Jones v. Waffle House. Inc.*, No. 3:12-cv-862, 2013 WL 4048549 (S.D. Miss. Aug. 9, 2013) (remanding because of possible recovery against site manager). These rulings were based in part on the precedent set by *Smith v. Petsmart, Inc.*, where the Fifth Circuit held that ambiguities in state law must be resolved in favor of the non-moving party and a premises manager may be considered a "person in charge" and subject to liability. 278 F.App'x 377, 380 (5th Cir. 2008).

Brumfield was a security guard with an assigned post inside the facility with specific duties and no additional responsibilities.[5] Furthermore, his affidavit explicitly states that he had no supervisory or managerial responsibilities. *See* Docket No. 6-2, ¶ 14.

During the permitted remand-related discovery, plaintiff propounded interrogatories and requests for production to UPS and ABM.[6] Docket No. 62, ¶ 4. Although plaintiff filed a notice to take a deposition of Brumfield, Docket Nos. 46 and 47, that deposition never occurred. *See* Docket No. 62, ¶ 5.  Brumfield's affidavit remains uncontroverted or challenged in any way.

Plaintiff attaches a call log documenting calls from the UPS facility to the Jackson Police Department, and in a few instances Brumfield is listed as the caller. *See* Docket No. 58-1. This call log may support plaintiff's claims against ABM and UPS, but does little to support the classification of Brumfield as a person in charge. Anyone is permitted to call the police, but that act alone does not confer a legal duty.

Although there is no dispute that Brumfield was working on the premises at the time Whitfield was shot, his mere presence as a security guard does not create a duty under the law. Plaintiff submitted an affidavit from a security expert, Kenneth Goodrum, in an attempt to further support the arguments regarding defendants' liability.[7] He stated, "[s]ecurity companies as well as their employees should be aware they jointly assumed the obligations of the property owner to make the premises  reasonable safe and will be held to the same standard." Docket No.

---

[5] For instance, there is no information in the record that suggests he had any authority to direct anything related to the operations of security at the UPS facility such as determining the assigned posts, number of officers on a  given shift, or frequency of security rounds. Brumfield had no ability to direct, coordinate or manage any aspect of the security  at the UPS facility. *See Olowo-Ake v. Emergency Medical Servs. Corp.*, No. 3;12-cv-227, 2012 WL 5499413 (S.D. Miss. Nov. 13, 2012) (concluding the in state defendant who was employed as a media supervisor for defendant company was not responsible for the training or supervision of EMTs working in the field)

[6] The Court limited  defendants' obligation to respond to discovery requests based upon the relevance to the motion to remand. Docket No. 62, ¶ 4.

[7] Throughout plaintiff's briefing, she refers to defendants collectively as well as Brumfield individually. Presently, the only motion before the Court relates specifically to defendant Brumfield and not the liability of UPS and ABM. As such, the Court has restricted its analysis to whether a sufficient claim has been stated against Brumfield and defers addressing any argument or ruling on the possible liability of ABM and UPS.

58-2, ¶ 4. "Whether a duty is owed is a question of law." *Doe ex rel. Doe v. Wright Sec. Servs., Inc.*, 950 So.2d 1076, 1079 (Miss. Ct. App. 2007) (citing *Rein*, 865 So.2d at 1143.) Thus, any determination of whether Brumfield owed a duty to Whitfield is a question for the Court to decide, not Goodrum.[8]

Based on the evidence, the plaintiff has failed to state a claim against Brumfield because he owed no duty to Whitfield. As a result, plaintiff cannot recover against him and the claims against him are dismissed.Thus, , there is complete diversity and plaintiff's motion to remand is denied.

### B. Motion to Amend Complaint

Also, before the Court is plaintiff's motion to amend the complaint " to clarify her claims against Defendant Lee Brumfield." Docket No. 71, ¶ 2.[9] Although Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs courts to "freely give leave when justice so requires," that determination is within the discretion of the district court. *See Bloom*, 130 F.3d at 727. The Court carefully reviewed plaintiff's proposed amended complaint to determine if the changes would sufficiently state a claim against Brumfield. Further, the Court considered the five factors outlined in *EMC Corp.* (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) the futility of the amendment. 393 F.3d at 595.

Here, the Court focuses first on whether the proposed amendment can overcome plaintiff's failure to state a claim against Brumfield. An amended complaint is futile if it "would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (external citations omitted).  In the proposed amended complaint,

---

[8] Defendants' motion to strike, Docket No. 63, is denied without prejudice. Defendants may reassert any *Daubert* objections regarding Goodrum at a later time, if such need arises.
[9] Attached to plaintiff's motion was a complaint styled for both this Court and the Circuit Court of Hinds County.

plaintiff adds several allegations of liability against Brumfield. *See* Docket No. 71-2, ¶¶ 11-12, 17-22, and 59-71. Plaintiff's proposed amendments did not allege facts that would qualify Brumfield as a person in charge; therefore, the proposed amended complaint regarding Brumfield is futile and the Court will not grant leave to amend these claims.

Plaintiff's proposed amended complaint, however, removes John Does 1-5 from the case caption and listed parties and instead uses "others" where John Does appeared in the original complaint, but continues to refer to them in other paragraphs. Since these new allegations may support the claims against ABM and UPS, the Court will allow plaintiff to file an amended complaint to the extent the amendments clarify the parties and include allegations related solely to ABM and UPS. Although the initial complaint was filed over six months after the original complaint, due to the pending motion to dismiss and motion to remand, the litigation is still in the early stages. There has not been a case management conference and all discovery except for remand-related discovery was stayed. Plaintiff did not previously request leave to amend her complaint and the Court finds that if any prejudice to defendants exists, it will be slight as defendants will have an opportunity to answer or otherwise file a dispositive motion in accordance with the Federal Rules of Civil Procedure. Therefore, plaintiff's motion for leave to amend is granted in part and denied in part.

## IV. Conclusion

For the reasons set forth above, defendants' motion to dismiss Brumfield is granted. Accordingly, plaintiff's motion to remand is denied because jurisdiction is proper before this Court. Further, defendants' motion to strike is denied without prejudice, and plaintiff's motion for leave to amend the complaint is granted in part and denied in part. Within 10 days, the parties

remaining in this action shall contact the chambers of the Magistrate Judge to schedule a Case Management Conference.

    **SO ORDERED**, this the 31st day of March, 2016.

                                                s/ Carlton W. Reeves
                                                UNITED STATES DISTRICT JUDGE